McDowell v Xand Holdings, LLC (2019 NY Slip Op 03908)





McDowell v Xand Holdings, LLC


2019 NY Slip Op 03908


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Webber, Kern, JJ.


9349 305542/13

[*1]Alfred McDowell, Plaintiff,
v
Xand Holdings, LLC, Defendant-Respondent, JCI Construction Corporation, Defendant-Appellant, Costa Electrical Contractors, Corp., Defendant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale (Kathleen D. Foley of counsel), for appellant.
Weiser & McCarthy, New York (David P. Weiser of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about October 30, 2018, which, to the extent appealed from as limited by the briefs, denied JCI Construction Corporation's (JCI) motion for summary judgment, unanimously affirmed, without costs.
The court properly found issues of fact as to whether JCI launched a force or instrument of harm while performing its contract at the construction site (see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). The testimony of JCI's principal, viewed in the light most favorable to plaintiff, raised an issue of fact as to whether JCI met its alleged oral obligations to place caution tape around, or plywood over, the trench it contracted to excavate, into which plaintiff fell (see Farrugia v 1440 Broadway Assoc., 163 AD3d 452, 453 [1st Dept 2018]; cf. Miller v City, 100 AD3d 561 [1st Dept 2012]).
Moreover, there are triable issues of fact as to whether plaintiff's conduct of walking to the edge of the trench, where he lost his footing and fell, was the sole proximate cause of his accident, as the record does not permit resolution as a matter of law of whether the hazard was open and obvious (see Farrugia, 163 AD3d 454, 455).
We have considered JCI's remaining claims and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK